995 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dennis W. HAYES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3850.
 United States Court of Appeals, Sixth Circuit.
 March 9, 1993.
 
 1
 Before KEITH and BATCHELDER, Circuit Judges, and TAYLOR, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals the district court's order granting and denying in part his motion to vacate, set aside or correct sentence filed under 28 U.S.C. § 2255. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Dennis W. Hayes pleaded guilty to one count of money laundering, one count of copyright infringement and one count of structuring financial transactions to evade reporting requirements. Hayes was sentenced to concurrent terms of five years, one year and five years. The money laundering and structuring counts were grouped for sentencing purposes.
 
 
 4
 In his motion to vacate sentence, Hayes contended that the district court lacked jurisdiction to enter sentence on the money laundering charge and that his guilty pleas resulted from ineffective assistance of counsel. Hayes requested that the district court vacate his conviction for money laundering and grant him leave to withdraw his guilty pleas on the remaining counts.
 
 
 5
 The district court agreed with Hayes's contention that it lacked jurisdiction to enter sentence on the money laundering charge. However, the district court rejected Hayes's arguments that he had been denied the effective assistance of counsel. The motion to vacate sentence was granted in part and the request to withdraw the guilty pleas was denied.
 
 
 6
 On appeal, Hayes asserts that the district court's decision to vacate the money laundering sentence requires resentencing on the remaining convictions. The government concedes that resentencing on the structuring conviction is required.
 
 
 7
 Upon review, we affirm and vacate in part, as we conclude that the matter must be remanded to the district court for resentencing on the structuring count. Under the sentencing guidelines, the most serious offense of grouped counts dictates the guideline offense level. See U.S.S.G. § 3D1.2(a). In the present case, the money laundering count was the more serious offense. Because the money laundering conviction has been vacated, the guidelines compel that the case be remanded for resentencing on the structuring count.
 
 
 8
 Additionally, we note that Hayes does not reassert his claims of ineffective assistance of counsel. Issues not raised on appeal are deemed abandoned and are not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). We also note that the government does not challenge the district court's order vacating the money laundering sentence. Finally, Hayes's argument that resentencing is required on the conviction for copyright infringement, presented for the first time on the appeal, lacks merit.
 
 
 9
 Accordingly, the district court's decision vacating the money laundering sentence and rejecting the ineffective assistance of counsel claims is affirmed. That portion of the sentence that relates to the structuring conviction only is vacated and remanded to the district court for resentencing. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation